# EXHIBIT C

Exhibit C

CAUSE NO. 2019-57414

| | |
|---|---|
| CESAR AND VERONICA CRUZ, | IN THE DISTRICT COURT |
| Plaintiffs, | |
| vs. | 151ST JUDICIAL DISTRICT |
| ALLSTATE INSURANCE COMPANY AND MARK PETTIT, | |
| Defendants. | HARRIS COUNTY, TEXAS |

## DEFENDANT MARK PETTIT'S ORIGINAL ANSWER AND ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF ELECTION OF LEGAL RESPONSIBILITY FOR MARK PETTIT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARK PETTIT, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against him, would respectfully show unto this Honorable Court and Jury as follows:

### I.

At this time, Defendant asserts a general denial to Plaintiffs' Original Petition, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the laws of the State of Texas.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Harper, et al. vs. Allstate & Buentello
FIAT
0473107340.1

PAGE 1

Defendant hereby gives notice that he intends to rely upon such other defenses as they may become available or apparent during the course of discovery and thus reserves his right to amend this answer.

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## II.

Furthermore, Defendant Allstate Vehicle and Property Insurance Company ("Allstate") files its Election of Legal Responsibility for Mark Pettit under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

Plaintiffs filed a claim with Allstate. The claim was adjusted by one or more individuals at Allstate's request, including Defendant, Mark Pettit. Plaintiffs subsequently filed this action naming as defendants Allstate and Mark Pettit.

For purposes of this Election, Mark Pettit was an Allstate "agent" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of Allstate's behalf.  *See* TEX. INS. CODE 542A.001.

Under section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Mark Pettit might have to Plaintiffs for Mark Pettit's acts or omissions related to Plaintiffs' claims subject of this suit.

By this pleading, Plaintiffs are provided written notice of Allstate's election of Mark Pettit. As statutorily mandated, under section 542A.006(c) of the Texas Insurance Code and based on Allstate's election, this Court "shall dismiss" this action against Mark Pettit with prejudice. *See* TEX. INS. CODE 542A.006(c).

Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance

with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 20th day of September, 2019,

to:

Andrew Woellner
Michael J. Bins
The Potts Law Firm, PLLC
3737 Buffalo Speedway, Suite 1900
Houston, Texas 7098
T: (713) 963-8881
F: (713) 583-5388
awoellner@potts-law.com

**KIMBERLY BLUM**

8/19/2019 11:47 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36068706
By: Joshua Hall
Filed: 8/19/2019 11:47 AM

Cause No. _____

| | | |
|---|---|---|
| **CESAR AND VERONICA CRUZ** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| **AND MARK PETTIT** | § | |
| *Defendants.* | § | **_____JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Cesar and Veronica Cruz, (hereinafter referred to as "Plaintiffs"), and file this Original Petition against Defendants, Allstate Insurance Company ("Allstate") and Mark Pettit ("Pettit")(to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.      Plaintiffs, Cesar and Veronica Cruz, are individuals residing in and/or owning property in Harris County, Texas.

2.      Defendant, Allstate Insurance Company is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, via process server.

3.      Defendant Mark Petit is an individual residing in and domiciled in the state of Texas.  This defendant may be served via process server at 2711 Britton Ave., Dallas, Texas 75216.

**DISCOVERY LEVEL**

4.     Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

**JURISDICTION**

5.     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiffs are seeking monetary relief less than $100,000. Plaintiffs reserve the right to amend this petition during and/or after the discovery process.

6.     The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

7.     The Court has jurisdiction over Defendant, Pettit, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

**VENUE**

8.     Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

9.     Plaintiffs are the owners of a property insurance policy ("the Policy") number 000829564685 issued by Allstate Insurance Company.

10.     Plaintiffs own the insured property located at 2304 Thomas Avenue, Pasadena, Texas 77506-3049 located in Harris County (hereinafter referred to as "the Property").  Allstate Insurance Company sold the Policy insuring the Property to Plaintiffs.

11.     On or about August 25, 2017, Hurricane Harvey struck Harris County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property.   The Storm damaged the Property extensively, causing damage to Plaintiffs' roof, dwelling exterior, dwelling interior, and shed roof. The volume of moisture exposure that entered the interior of the Property was so substantial that is caused damage to the insulation, ceiling, walls, baseboards, cabinetry, and other areas. The damage was so severe that Plaintiffs' entire roof is in need of replacement.

12.     Immediately after the Storm, Plaintiffs submitted a claim to Allstate Insurance for the damage the Property sustained as a result of the Storm. The claim was assigned claim number 0473439347.  Plaintiffs requested that Defendants cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the Policy.

13.     Defendant Allstate assigned Pettit as the individual adjuster ("the adjuster") on the claim.  The adjuster was improperly trained and failed to perform a thorough investigation of the claim, spending an inadequate amount of time inspecting Plaintiffs' Property.  The adjuster conducted a substandard inspection of Plaintiffs' Property evidenced by the adjuster's report, which failed to include all of Plaintiffs' storm damage noted upon inspection.  The damage the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.  Specifically, Petit estimated the property damage repair at $2,050.81.  He also failed to include overhead and profit in his estimate – a mandatory line-item when dealing with the amount of work required at Plaintiffs' home.  Pettit's estimate was a deliberate attempt to underpay Plaintiffs claim.

14.     Defendant Pettit misrepresented the extent of the damage to Plaintiffs' home by ignoring and omitting from his report obvious damage to Plaintiffs' roof, dwelling exterior, dwelling interior, and shed roof. The storm damage to these areas have been well documented in photographs of the Property taken by a licensed public adjuster.

15.     Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjuster, which ultimately led to the approving an improper adjustment and an unfair settlement of Plaintiffs' claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiffs were wrongfully denied on the claim and has suffered damages.

16.     Together, Defendants set about to deny and/or underpay on properly covered damages.  Defendants failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped Plaintiffs' damages, thereby denying adequate and sufficient payment on Plaintiffs' claim.  As a result of Defendants' unreasonable investigation, Plaintiffs' claim was improperly adjusted, and Plaintiffs were wrongfully denied on the claim and has suffered damages.  The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive the full payment that it is entitled to under the Policy.

17.     To date, Allstate continues to delay in the payment for the damages to the Property.  As such, Plaintiffs have not been paid in full for the damages to the Property.

18.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to

4

cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiffs.

19.     Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(3).

22.     Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' claim on the Property.  Defendants' conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(7).

23.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.055.

24.     Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  Allstate' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.056.

25.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. Allstate' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

26.     From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

29.     In compliance with TEX. INS. CODE §542A.003, Plaintiffs timely gave pre-suit notice to Defendant prior to filing suit.  More than sixty days has elapsed since Plaintiff sent their notice.

## CAUSES OF ACTION

30.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.     Causes of Action Against Pettit**

31.     Allstate assigned Pettit to adjust this claim. Pettit was improperly trained and performed an outcome-oriented and unreasonable investigation of Plaintiffs' damages, evidenced by, among other things, his failure to include overhead and profit in his estimate.  Pettit did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof, the exterior of the dwelling, the interior of the dwelling, and the shed roof. Pettit refused to fully compensate Plaintiffs for the full amount Plaintiffs are entitled under the Policy.  The outcome-oriented investigation of Plaintiffs' claim resulted in a biased evaluation of Plaintiffs' damages to the Property and the estimated damages were severely underestimated thereby misrepresenting coverage under the Policy.

7

### A.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

32.     Defendant Pettit's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

33.     Defendant Pettit is individually liable for his unfair and deceptive acts, irrespective of the fact Pettit was acting on behalf of Allstate, because each is a "person" as defined by TEX. INS. CODE § 541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor."  TEX. INS. CODE § 541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

34.     Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received; and (5) failing to properly scope and pay Plaintiffs' damages. Defendant Allstate' unfair settlement practices, as described above, of misrepresenting to Plaintiffs

material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code § 541.060 (a)(1).

35.     Defendants Pettit's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code § 541.060(a)(2)(A).

36.     Defendants Pettit failed to explain to Plaintiffs the reasons for the offer or offers of an inadequate settlement.  Specifically, Defendant Pettit failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendant Pettit did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code § 541.060(a)(3).

37.     Defendant Pettit's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code § 541.060(a)(4).

38.     Defendant Pettit did not properly inspect the Property and failed to account for and/or undervalued Plaintiffs' roof damage, although reported by Plaintiffs to Allstate.  Defendant

Pettit's unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

## II.     Causes of Action Against Allstate

39.     Allstate intentionally breached its contract with Plaintiffs, intentionally violated the Texas Insurance Code, and intentionally breached the common law duty of good faith and fair dealing.

### A.     Breach of Contract

40.     Allstate breached the contract of insurance it had with Plaintiffs.  Allstate breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

41.     Defendant Allstate' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

42.     Defendant Allstate' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

43.     Defendant Allstate' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate' liability under the Policy was reasonably clear, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

44.     Defendant Allstate' unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

45.     Defendant Allstate' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

46.     Defendant Allstate' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

C.      **Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute**

47.     Plaintiffs are entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

48.     Allstate failed to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

11

49.     Allstate failed to notify Plaintiffs in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

50.     Allstate delayed the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.      Breach of the Duty of Good Faith and Fair Dealing**

51.     Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiffs' claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.      Knowledge**

52.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

**ATTORNEY'S FEES**

53.     Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Allstate and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

54.     Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE 38.001-38.003.

**REQUEST FOR DISCLORE**

55.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days if service of this request, the all information and material described in Rule 194.2(a)-(1). TEX. R. CIV. P. 194.2.

## RULE 193.7 NOTICE

56.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs herby give actual notice to Defendants that any and all documents and materials produced in response to written discovery or at a deposition may be used as evidence in this case; and that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## DAMAGES

57.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

58.     The damages caused by windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.   These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

59.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

60.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages.   TEX. INS. CODE § 541.152.

13

61.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as interest on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE § 542.060.

62.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

63.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

64.     Plaintiffs hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

65.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiffs request that each Defendant disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

66.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

14

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court cite Defendants to appear and answer herein and that Plaintiffs have judgment taken against Defendants and recover from Defendants all damages allowed by law, and that Plaintiffs be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:    /s/ Andrew A. Woellner
       **Andrew A. Woellner**
       SBN:  24060850
       **Michael J. Bins**
       SBN: 24080792
       3737 Buffalo Speedway, Suite 1900
       Houston, Texas 77098
       Telephone (713) 963-8881
       Facsimile (713) 583-5388
       Emails: awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFFS**

15

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiffs, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service. Serve answers to the requests on Plaintiffs by and through his/her attorney of record.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.      "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.      "Any" includes the word "all" and "all" includes the word "any".

3.      The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.      Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.      The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.      "Identify" or give the "identity of" means:

i.      In the case of a <u>person</u>, to state such person's
    (1)      full name;
    (2)      last known home and business address and home and business telephone number;
    (3)      employer or business affiliation; and
    (4)      occupation and business position held.

16

    ii.    In the case of a <u>document</u>, to state:
        (1)    the identity of the person or persons preparing it and the sender;
        (2)    its title or a description of the general nature of the subject matter;
        (3)    the identity of the addressee(s), if any;
        (4)    its date or dates of preparation;
        (5)    its date or dates and manner of distribution and publication, if any;
        (6)    the location of each copy and the identity of its present custodian;
        (7)    the type of document; and
        (8)    all characteristics by which that document might be distinguished from any other document.

    iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:
        (1)    the identity of the person uttering the oral statement;
        (2)    the place at which such oral statement was uttered;
        (3)    the date on which such oral statement was uttered;
        (4)    the identity of each person in whose presence or hearing such oral statement was uttered; and
        (5)    the substances of the oral statement.

7.    "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.    "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the

17

original, and also including any reproduction or copies of documents of which the originals are not in the possession, custody or control of Defendant.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.    "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiffs' Original Petition currently on file herein.

12.    A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.  Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.    When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

**The Potts Law Firm, LLP**

By: _/s/ Andrew A. Woellner_
    **Andrew A. Woellner**
    SBN:  24060850
    **Michael J. Bins**
    SBN: 24080792
    3737 Buffalo Speedway, Suite 1900
    Houston, Texas 77098
    Telephone (713) 963-8881
    Facsimile (713) 583-5388
    Emails: awoellner@potts-law.com

    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

THE POTTS LAW FIRM, LLP


*/s/ Andrew A. Woellner*
**Andrew A. Woellner**

Unofficial Copy Office of Marilyn Burgess District Clerk

**INTERROGATORIES TO ALLSTATE INSURANCE COMPANY**

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **ANSWER**


2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **ANSWER**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **ANSWER**

4. State the date Defendant closed Plaintiffs' claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

   **ANSWER**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **ANSWER**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **ANSWER**

7. Please identify all documents and information requested from Plaintiffs at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiffs failed to provide upon Defendant's request.

   **ANSWER**

8. If you contend Plaintiffs' damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

   **ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

   **ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

    **ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

    **ANSWER**

12. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

    **ANSWER**

13. State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation.

    **ANSWER**

14. State the Date Defendant first anticipated litigation.

    **ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property.  If so, identify each item of damage.

    **ANSWER**

21

16. Identify all underwriting reports in Defendant's possession or control for the Property.

    **ANSWER**

17.  State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

    **ANSWER**

18. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiffs began by each attorney.

    **ANSWER**

19. What is your compensation arrangement with your expert witness in this case?

    **ANSWER**

20. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

    **ANSWER**

21. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiffs' claim(s)

    **ANSWER**

22. If you contend that the Policy is void for any reason, state the factual basis for that contention.

    **ANSWER**

22

## REQUEST FOR PRODUCTION TO ALLSTATE INSURANCE COMPANY

1.      The following insurance documents issued for the Properties as identified in the Petition:

      a.      the policy at issue for the date of loss as identified in the Petition; and

      b.      the policy declarations page for the 3 years preceding the storm.

RESPONSE:


2.      Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:


3.      All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:


4.      All documents relating to any real property insurance claims made by Plaintiffs at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:


5.      All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.　All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

RESPONSE:

7.　All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

8.　All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.　Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.　To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

24

11.     A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

<u>RESPONSE</u>:


12.     All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

<u>RESPONSE</u>:


13.     All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of Plaintiffs' claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

<u>RESPONSE</u>:


14.     If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

<u>RESPONSE</u>:


15.     Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

<u>RESPONSE</u>:

16.     All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:


17.     All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:


18.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


19.     All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


20.     Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:


21.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

26



22.     Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:


23.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:


24.     Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:


25      All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


26.     All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:


27

28.     All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

<u>RESPONSE:</u>


29.     To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

<u>RESPONSE:</u>


30.     If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiffs' policy. This request is limited to the last 3 years.

<u>RESPONSE:</u>


31.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiffs' claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

<u>RESPONSE:</u>

32.     All claims handling manuals and/or guidelines that were in effect during Safeco's investigation of Plaintiffs' claim.  This request is limited to manuals or guidelines related to wind/hail claims, First Party claims, and/or structural business claims.

<u>RESPONSE:</u>

28

## INTERROGATORIES TO DEFENDANT MARK PETTIT

1. Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

RESPONSE:

2. Identify generally the training or experience You had in adjusting windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

RESPONSE:

3. Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

RESPONSE:

4. Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

RESPONSE:

5. Identify the following dates:

   a. The date You first obtained an adjuster license in the State of Texas;

   b. The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

   c. The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

   d. The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:

29

6.   Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

   a.   The name and job title of any person who inspected the Properties with You;

   b.   The date of each inspection;

   c.   The purpose of each inspection;

   d.   The length of time of each inspection;

   e.   The equipment or tools used during each inspection;

   f.   The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

   g.   Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:


7.   Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person. written communication) with Plaintiffs? If yes, provide the following information:

   a.   the date of such communication(s);

   b.   the manner of such communication(s);

   c.   the person to whom You communicated;

   d.   the reason for the communication(s);

   e.   for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

   f.   the general substance of the communication.

RESPONSE:

30

8.      Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiffs to such scope notes and/or photographs.

RESPONSE:


9.      For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:


10.     To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:


11.     Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:


12.     How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

RESPONSE:


13.     Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

31

14.     Identify all documents or information You requested from Plaintiffs during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiffs who received the request.

<u>RESPONSE:</u>

15.     Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

<u>RESPONSE:</u>

16.     To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

<u>RESPONSE:</u>

17.     Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

<u>RESPONSE:</u>

32



## **REQUESTS FOR PRODUCTION TO DEFENDANT MARK PETTIT**

1.      All documents related to Plaintiffs, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:


2.      All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:


3.      All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:


4.      All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiffs' claim.

RESPONSE:


5.      All resumes for the last 5 years.

RESPONSE:


6.      All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

RESPONSE:

7.     All documents You relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:

8.     To the extent You made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

9.     To the extent You made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

10.    All documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

11.    All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:

12.    All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this Lawsuit.

RESPONSE:

34

13.     All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


14.     All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


15.     All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


16.     All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


17.     All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


18.     All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiffs' claim.

RESPONSE:


35

19.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:


20.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:


21.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiffs' claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

36



8/19/2019 11:47:48 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36068706
By: HALL, JOSHUA E
Filed: 8/19/2019 11:47:48 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiffs' Original Petition

**FILE DATE:** 8/19/2019 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Allstate Insurance Company

Address of Service: 1999 Bryan Street, Suite 900

City, State & Zip: Dallas, Texas 75201-3136

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper** _____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP** (phone) _____     ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____             **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                                        *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**                  used to retrieve the E-Issuance Service Documents.
                                                        Visit www.hcdistrictclerk.com for more instructions.

☑ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Praetorian Protec   Phone:  281-822-29

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Andrew Woellner     Bar # or ID   24060850

Mailing Address: 3737 Buffalo Speedway, Suite 1900, Hous

Phone Number: 713-963-8881

8/19/2019 11:47:48 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36068706
By: HALL, JOSHUA E
Filed: 8/19/2019 11:47:48 AM



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____ **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiffs' Original Petition

**FILE DATE:** 8/19/2019_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:** Mark Petit

Address of Service: 2711 Britton Avenue

City, State & Zip: Dallas, Texas 75216

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | **Newspaper** _____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____ ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____ **(No Service Copy Fees Charged)**
☐ **CONSTABLE** *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk** used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☑ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Praetorian Protec   Phone: 281-822-29

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Andrew Woellner   Bar # or ID   24060850

Mailing Address: 3737 Buffalo Speedway, Suite 1900, Hous

Phone Number: 713-963-8881



# MARILYN BURGESS
### HARRIS COUNTY DISTRICT CLERK

_COPY OF PLEADING PROVIDED BY PLTD._

## Civil Process Pick-Up Form

### CAUSE NUMBER: __ 201957414 __

ATY _____     CIV _i_ / ____     COURT __ 151st __

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: ___ WOELLNER, ANDREW ___   * PH: __ (713) 963-8881 ___
*CIVIL PROCESS SERVER: Praetorian Protective service
*PH: #243

*PERSON NOTIFIED SVC READY: _____

* NOTIFIED BY: carolina

*DATE: 8 | 22 | 19

---

Type of Service Document: __Citation___     Tracking Number __ 73660467 __
Type of Service Document: __Citation___     Tracking Number __ 73660482 ___
Type of Service Document:_____     Tracking Number_____
Type of Service Document:_____     Tracking Number_____
Type of Service Document:_____     Tracking Number_____
Type of Service Document:_____     Tracking Number_____
Type of Service Document:_____     Tracking Number_____

Process papers prepared by: _Carolina Salgado_

Date: _08 / 21 / 2019_     30 days waiting  _09 / 20 /2019_

---

*Process papers released to: Andrew Frano - tetiouk
___(PRINT NAME)___
713—614—4454
*(CONTACT NUMBER)        (SIGNATURE)

*Process papers released by: Lisa Thomas
___(PRINT NAME)___
Lisa Thomas
___(SIGNATURE)___

* Date: 08/22/2019 , 2019 Time: 2:42   AM (PM)

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

**Entire document  must be completed    (do not change this document)** Revised 1/3/2019

8/26/2019 7:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36292947
By: TERESA KIRBY
Filed: 8/26/2019 7:21 PM

**AFFIDAVIT ATTACHED**

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO.   201957414

RECEIPT NO.                0.00      CIV
                  *********        TR # 73660467

PLAINTIFF: CRUZ, CESAR | In The   151st
vs. | Judicial District Court
DEFENDANT: ALLSTATE INSURANCE COMPANY | of Harris County, Texas
| 151ST DISTRICT COURT
| Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE INSURANCE COMPANY MAY BE SERVED THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
1999  BRYAN STREET SUITE 900   DALLAS TX  75201 - 3136
Attached is a copy of PLAINTIFFS ORIGINAL PETITION

This instrument was filed on the 19th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 21st day of August, 2019, under my hand and
seal of said Court.

Issued at request of:
WOELLNER, ANDREW AMBERG
3737  BUFFALO SPEEDWAY SUITE
1960
HOUSTON, TX  77098
Tel: (713) 963-8881
Bar No.: 24060850

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: SALGADO, CAROLINA  G17//11305078

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                _____

                    _____ of _____County, Texas

_____        By _____
          Affiant                                          Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                    _____
                                              Notary Public

**AFFIDAVIT ATTACHED**
*73660467*

N.INT.CITR.P

**Officer or Authorized return**

Came to hand on the ___23rd_____ day of August _A.D., 2019_, at _9:00_ o'clock
__A.M.__ and executed by delivering **Allstate Fire and Casualty Insurance Company** through
registered agent CT Corporation System on the **23rd** day of ___August A. D.__
_2019_, at ___12:32___ o'clock _P.M._, the within named defendant, in person, a true
copy of this Citation, together with a copy of original petition with date of service marked
thereon, at the following location, ___1999 Bryan Street, Suite 900 Dallas Texas 75201__

Citation: _201957414_
Plaintiff's Original Petition, Plaintiff's First Interrogatories and Requests for Production
Interrogatories to Allstate Insurance Company, Request for Production to Allstate
Insurance Company

Witness Fee: _____
For mileage _____
For Notary_____

_____               **SCH 4688 expires 2/28/2020**

Dave Valfer, 1801 Vassar Drive Richardson, Texas
Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE. OR CLERK OF THE COURT.
in accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified, if the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

My name is Dave Valfer

My date of birth is; ___July 2, 1960_____ and my address is; 1801 Vassar Drive Richardson Texas 75081
                                                                Dallas County, Texas

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

9/12/2019 10:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36744692
By: Lisa Thomas
Filed: 9/12/2019 10:22 AM

CAUSE NO. 201957414

| | |
|---|---|
| CESAR AND VERONICA CRUZ<br>    Plaintiffs, | IN THE DISTRICT COURT |
| vs. | |
| ALLSTATE INSURANCE COMPANY<br>AND MARK PETTIT<br>    Defendants. | 151ST JUDICIAL DISTRICT<br><br>HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, sued incorrectly as ALLSTATE INSURANCE COMPANY, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

## I.

## GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiffs' Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiffs to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

## II.

## SPECIFIC DENIALS

Plaintiffs' claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

---

Cruz, et al. vs. Allstate, et al.
Defendant's Original Answer and Request for Disclosure
0473439347.1

Page 1 of 4

Plaintiffs failed to comply with certain conditions precedent to the policy prior to filing this lawsuit.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiffs disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.

Defendant, formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

Cruz, et al. vs. Allstate, et al.
Defendant's Original Answer and Request for Disclosure
0473439347.1

Page **2** of 4

WHEREFORE, PREMISES CONSIDERED,  Defendant prays that the Plaintiffs recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Cruz, et al. vs. Allstate, et al.                                                                            Page **3** of **4**
Defendant's Original Answer and Request for Disclosure
0473439347.1

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on the 12th day of September, 2019, to:

THE POTTS LAW FIRM, LLP
Andrew A. Woellner
SBN: 24060850
Michael J. Bins
SBN: 24080792
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Emails: awoellner@potts-law.com
ATTORNEYS FOR PLAINTIFF       *VIA E-SERVE*

**KIMBERLY BLUM**

Cruz, et al. vs. Allstate, et al.       Page **4** of **4**
Defendant's Original Answer and Request for Disclosure
0473439347.1